# IN RE FRANK DE CAMP.

HABEAS CORPUS—ATTEMPT TO COMMIT A CRIME—PERIOD OF
SENTENCE.

1. Attempts to murder otherwise than by poisoning or assault are
   included in the general description of attempted crimes defined
   in section 4744, Comp. Laws Utah 1888.

2. Petitioner was sentenced to imprisonment for 12 years for an
   attempt to commit murder. *Held*, that under section 4744,
   Comp. Laws Utah 1888, providing that a person attempting to
   commit a crime may be sentenced to imprisonment not exceed-
   ing half of the longest term for which he might have been im-
   prisoned had he committed the crime, the petitioner might be

sentenced for twelve years, although it was uncertain that he would have lived 24 years had he committed the crime and been sentenced for life.

(No. 812.   Decided July 7, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. Ogden Hiles, *Judge.*

*J. H. Murphy* and *S. P. Armstrong,* for appellant.

*A. C. Bishop, Att'y Gen.,* and *Benner X. Smith,* for the State.

Zane, C. J.:

This is an appeal from an order of the district court denying petitioner's motion for discharge from imprisonment on a writ of *habeas corpus.* It appears from the record that the petitioner was convicted on the 13th day of October, 1894, of an attempt to commit murder, as described in the indictment, on the 17th day of July, 1894, and sentenced to 12 years' imprisonment in the state prison. The crime of which he was found guilty is defined in section 4744 of the Compiled Laws of Utah of 1888 as follows: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: (1) If the offense so attempted is punishable by imprisonment in the penitentiary for five years, or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted." The administration of poison with intent to kill, when death does not result, and assaults with intent to commit

murder, are specially defined as crimes, and their punishment is provided for in other sections of the statute. From this the petitioner insists it should be inferred the legislature did not intend to include other attempts to murder as crimes in the general section quoted. Murder without the use of poison, or without assault, is equally as wicked as with the use of those means, and the punishment of attempts to murder by other means is equally essential to the protection of human life. We are of the opinion that attempts to murder otherwise than by poisoning or assault are included in the general provision of attempted crimes defined in section 4744. For attempts to commit crimes punishable by imprisonment in the penitentiary for five years or upward, the above-named section prescribes punishment by imprisonment for a term not exceeding one-half the longest term prescribed, upon conviction of the offense attempted. The offense attempted in this case was murder, and the statute fixing the punishment for murder declares that every person found guilty of murder in the first degree shall, upon the recommendation of the jury, suffer death, or imprisonment for life, in the discretion of the court, and that every person guilty of murder in the second degree shall be imprisoned at hard labor for a term not less than 10 years, and it may extend to life. The longest term for imprisonment in the first and second degrees is the same. In the one case the term must be for life, and in the other it may extend during life. For murder in the second degree the court may fix the term for any number of days, months, or years, not less than 10 years. It may extend to 24 years or more, but, if the convict dies before that time, his term ends. It cannot extend beyond his life. No term of imprisonment can extend longer. All sentences for terms are for life, when the convict dies before

the time fixed ends. It is clear that the court could have sentenced a person convicted of murder for 24 years or more, and the defendant's term did not exceed one-half of such a term. While the court had no legal right to sentence the defendant for more than one-half the longest term for murder, he could make the term less than one-half. Of course, the court could not ascertain one-half of a life sentence; but he could say that the longest term of years for which a person convicted of murder could be sentenced might be 24 years or more, and fix the defendant's term at 12 years. *People* v. *Gardner*, 98 Cal. 127. We find no error in this record. The judgment appealed from is affirmed.

MINER, J., and HART, District Judge, concur.