STATE, RESPONDENT, *v.* STONE, APPELLANT.

(No. 2,717.)

(Submitted November 24, 1909.   Decided December 2, 1909.)

[105 Pac. 89.]

*Criminal Law—Attempts—Infamous Crime Against Nature— Punishment — Extent — Costs of Prosecution—Instructions— Review.*

Infamous Crime Against Nature—Attempt—Punishment.
  1.  Section 8895, Revised Codes, provides that one found guilty of an attempt to commit a felony shall be punishable, where no provision is made by law for punishment, by imprisonment in the state prison for a term not to exceed one-half the longest term prescribed upon a conviction of the offense attempted.   Section 8359 declares that one guilty

of the infamous crime against nature is punishable by imprisonment for a term not less than five years; and under section 8902 the district court has power to extend the penalty to life imprisonment or to any number of years not less than that prescribed. *Held,* under these sections, that the court had authority to fix the punishment of one found guilty of an attempt to commit the infamous crime against nature, at fifteen years, since in its discretion it could have sentenced defendant, if guilty of the infamous crime itself, to a term of thirty years, and hence could with propriety fix one-half that term upon conviction for the attempt.

Criminal Law—Costs of Prosecution—When not Recoverable.
2. In the absence of a statute permitting it, the imposition of costs, incident to the prosecution, as part of the penalty for the commission of crime, is error.

Same—Improper Judgment—Modification.
3. A judgment of conviction for crime, which erroneously included payment by defendant of the costs of prosecution, is not on that account void as a whole; but the same may, under section 9417, Revised Codes, be modified by striking therefrom the provision as to costs, and, as so modified, be allowed to stand.

Same—Instructions—Appeal—Review.
4. Where defendant fails to make objection to any portion of the charge or to any action of the trial court in its settlement during trial, he will not, on appeal, be heard to complain of error therein or of any omission by the court to submit any special instruction.

*Appeal from District Court, Dawson County; C. H. Loud, Judge.*

GEORGE STONE was convicted of an attempt to commit the infamous crime against nature, and appeals from the judgment of conviction. Modified and affirmed.

*Mr. C. C. Hurley* filed a brief in behalf of Appellant.

On behalf of Respondent, there was a brief by *Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General.

Cause submitted on briefs of counsel.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Upon information charging him with the commission of the infamous crime against nature upon a male child of the age of fifteen years, the defendant was found guilty of an attempt to commit the offense. By the judgment of the court, he was sentenced to a term of fifteen years in the state prison

and adjudged to pay the costs of prosecution. He has appealed from the judgment.

The first contention made in his behalf is that there is no provision of law under which he could be sentenced for an attempt to commit the infamous crime against nature. The argument is: That the penalty for this offense, as declared by the statute, is imprisonment in the state prison for a term not less than five years; that the penalty for an attempt is imprisonment for a term not exceeding one-half the longest term prescribed for the offense so attempted; that there is no definite limit to the term which may be imposed for the infamous crime against nature; that the court had no basis upon which to determine the penalty in this case; and hence that it was authorized to impose no penalty other than the one prescribed for assault in the second degree.

The defendant was sentenced under section 8895, Revised Codes, which declares: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: (1) If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in the county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted. * * * " The term for which one found guilty of the infamous crime against nature may be imprisoned is prescribed by section 8359 of the Revised Codes, which declares: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years." Since the minimum limit only is here fixed, the penalty for this crime may be extended to life, under the provision found in section 8902, for there it is expressly declared that "the court authorized to pronounce judgment

upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed.''

The penalty for assault in the second degree is fixed by section 8313 at not less than one nor more than five years, or a fine not exceeding $2,000, or both. While some of the various assaults defined in this section are purely statutory, and involve a battery as well as a common-law assault—that is, an attempt with force or violence to do a corporal injury to another, under circumstances denoting an intention to do it, coupled with the present ability to carry the intention into effect—an assault with intent to commit a felony of any kind is a distinct offense from that of attempt to commit the felony, as is pointed out in *People* v. *Lee Kong*, 95 Cal. 666, 29 Am. St. Rep. 165, 30 Pac. 800, 17 L. R. A. 626. Under section 8313, to constitute an assault other than one which involves a technical battery without which the offense is not complete, there must be present both the element of attempt and the element of present ability to inflict the injury. The absence of either is fatal to the charge. The absence of the latter element, however, does not prevent a conviction for the attempt, for, under a charge of assault, the defendant may be convicted either of the assault or of the attempt, because the former includes all the elements of the latter. If the act done is with the requisite intent and tends to effect its purpose, the attempt is complete, no matter how the accomplishment was prevented; whereas, if by reason of the existence of some obstruction the ability is not present to carry out the intent, the assault is not complete. This being so, it is clear that under a verdict declaring the defendant guilty of an attempt, as in the case here, he. cannot properly be sentenced as for an assault.

We recur, then, to the question whether the sentence imposed upon the defendant can be sustained under the provisions of sections 8895 and 8902, *supra*. The penalty for the infamous crime against nature cannot be less than five years, and may extend during life. For an attempt to commit the crime the penalty cannot be less than two and one-half years, and may be

extended during one-half of life. Now, the period of a lifetime is indefinite and indeterminable. It is impossible, therefore, for a court to ascertain the extent of one-half of a lifetime. Every sentence, however, is indefinite and indeterminable, and therefore may be for life, in the sense that it may be ended by the death of the prisoner before its expiration. While the court could not definitely ascertain the extent of one-half of a life sentence, it could say, as it did impliedly in this case, that the longest term for which the defendant should have been sentenced upon a conviction of the infamous crime against nature should be thirty years, and fix the term upon conviction for the attempt at fifteen years, or one-half of that time. (*People* v. *Gardner*, 98 Cal. 127, 32 Pac. 880; *People* v. *Burns*, 138 Cal. 159, 69 Pac. 16, 70 Pac. 1087, 60 L. R. A. 270; *In re De Camp,* 15 Utah, 158, 49 Pac. 823.) The provisions of the statute are confusing and not free from difficulty, when it comes to apply them, yet we do not think them entirely abortive.

Contention is made that the judgment is erroneous in that it includes, as a part of the penalty, the payment of the costs incident to the prosecution. At common law costs, as such, were unknown. (*Hibbard* v. *Tomlinson*, 2 Mont. 220; *Orr* v. *Haskell*, 2 Mont. 350; *Montana Ore Pur. Co.* v. *Boston & Mont. C. C. & S. Min. Co.*, 27 Mont. 288, 70 Pac. 1114; 11 Cyc. 267.) The recovery of them depends upon the provisions of the statute upon the subject. If they are not expressly allowed, they cannot be recovered. The rule applies as well to criminal cases. While it is competent for the legislature to make the costs a part of the penalty, as such, or to provide generally that a defendant, upon conviction of any crime, shall be adjudged civilly liable for them, in the absence of such a statute courts have no power to include them in the judgment. There is no general provision in the Revised Codes upon the subject; nor does the section *supra*, fixing the penalty for the offense here involved, grant the power to impose costs. The judgment is therefore erroneous in so far as it includes them; but this error does not necessarily render it void as a whole. It is valid to the extent to which the court had power to impose it, and void

only as to the excess.   Under the statute (section 9417, Revised Codes), the objectionable part may be stricken out, and, as so modified, it may be allowed to stand.

It is said that the judgment should be reversed because the court failed to submit certain instructions to the jury.   It does not appear from the record that objection was made during the trial to any portion of the charge, or that any special instructions requested were refused.   So far as appears to this court, the entire charge was satisfactory to counsel and sufficiently comprehensive to cover every phase of the case.   Having made no objection to any portion of it, nor to any action of the court in connection with the settlement of it during the trial, counsel cannot now complain, either of any error therein, or of any omission by the court to submit any special instruction. (Revised Codes, sec. 9271.)

The cause is remanded to the district court, with directions to modify the judgment by striking out so much thereof as adjudges the defendant liable for costs.   As so modified, the judgment will stand affirmed.

*Modified and affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.