278 P.2d 413

STATE of Arizona, Appellee,

v.

Perle MANDEL, Appellant.

No. 1047.

Supreme Court of Arizona.

Dec. 28, 1954.

Jack I. Podret and Scruggs & Rucker, Tucson, for appellant.

Ross F. Jones, Atty. Gen., and John R. Elliott, Asst. to Atty. Gen., for appellee.

WINDES, Justice.

The appellant Perle Mandel, hereinafter designated defendant, by information was charged with the crime of attempt to murder her husband in violation of section 43-6109, A.C.A.1939. After trial and conviction, she was sentenced to imprisonment for a term of not less than two and one-half nor more than four years. Defendant appeals, presenting eight assignments of error which essentially present for solution two legal problems: (1) Whether the evidence is such that warrants a finding that the defendant committed an overt act as one of the essentials of the commission of the crime of attempted murder, and (2) whether the statute creating the crime provides no method of punishment and is for this reason indefinite and uncertain to the extent it is unenforceable.

The evidence would allow the jury to find substantially that the defendant conveyed to one Marion Budek the desire that her husband be killed with the suggestion that he perform the act. Upon his refusal she suggested that he might find some "gangster" for the purpose. Budek made no promise that he would or would not attempt to secure another to help carry out the scheme, but upon arrival at the Davis-Monthan Air Base where he was in service,

he reported the matter to Steve Porovich who was then in charge of the criminal investigation department at the Air Base. Budek then by telephone advised defendant he had a "gangster" who would do anything for money, and at her request Budek and Porovich met Mrs. Mandel at 9:30 that evening. After introduction they went riding in her car and a deal was made whereby Porovich was to kill her husband and receive therefor the sum of $5,000, $100 of which was paid as a retainer. She took Porovich in her car and showed him her husband's home and car and an arroyo where he could possibly dispose of the body. It was planned the husband, Dr. Mandel, was to be enticed to a motel on the pretense of visiting a patient, where the crime was to be completed. At subsequent meetings defendant and Porovich discussed plans concerning the completion of the murder, including a meeting on Sunday, the day the crime was to be committed, wherein it was arranged between them that Porovich was to be at defendant's home in the evening when she knew the doctor would be there. The Tucson police had been advised by Porovich of the scheme. Sunday after the contact by Porovich with the doctor, the police arrived and arrested the defendant.

■ The position of the defendant is that under the foregoing circumstances the crime of attempted murder has not been committed for the reason that the defendant committed no overt act towards the commission of the completed crime but at most it amounted to mere solicitation or preparation. The general rule is that solicitation alone or mere preparation is not sufficient to sustain a conviction for an attempt to commit a crime. 22 C.J.S., Criminal Law, § 73; Cole v. State, 14 Okl.Cr. 18, 166 P. 1115, L.R.A.1918A, 94. There must be evidence that would warrant the conclusion that the defendant (1) intended the crime be committed and (2) took some steps or did some act towards the commission thereof. State v. Crawford, 21 Ariz. 501, 190 P. 422.

■ In the instant case there is no question the jury could well find the defendant intended that through her solicitation her husband be murdered. The question is whether under the foregoing circumstances the defendant committed an overt act, took steps or did things that if not interrupted would have resulted in the commission of the crime. In answering this question we must bear in mind that the act or acts leading to or intended to accomplish the crime to come within the category of an overt act need not be the last possible act to the consummation thereof. When an intent is clearly shown, slight acts in furtherance thereof will constitute an attempt. People v. Fiegelman, 33 Cal. App.2d 100, 91 P.2d 156; Stokes v. State, 92 Miss. 415, 46 So. 627, 629, 21 L.R.A., N.S., 898. The courts should not and this court will not indulge in intricate subtleties to accurately define the distinction between solicitation or preparation and an act done

towards the commission of the crime. To do so would merely defeat the practical and common sense administration of the law. What overt acts are sufficient has been the source of much discussion by legal authorities and the courts are not entirely in harmony, but legal principles should be applied with a view to working substantial justice. These principles are well stated in the case of Stokes v. State, supra, wherein the court used this language:

"* * * whenever the design of a person to commit crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt, and this court will not destroy the practical and common-sense administration of the law with sub[t]leties as to what constitutes preparation and what an act done toward the commission of a crime. Too many subtle distinctions have been drawn along these lines for practical purposes. Too many loopholes have been made whereby parties are enabled to escape punishment for that which is known to be criminal in its worse sense."

■ The fundamental reason back of the requirement of an overt act is that until such act occurs, there is too much uncertainty that a design is to be apparently carried out. Until that time the situation is equivocal; there is not sufficient certainty that the design will, if not interrupted, be fully completed. When by reason of the conduct of defendant the situation becomes unequivocal and it appears the design will be carried into effect if not interrupted, we have a condition that meets the test of overt acts intended to accomplish the purpose. People v. Miller, 2 Cal.2d 527, 42 P.2d 308, 98 A.L.R. 913. When the commission of a crime is intended and this intention is manifested by an outward act in or towards the commission of the offense, the crime of attempt has been committed.

■ We think the circumstances in this case put the defendant beyond the sphere of mere solicitation or preparation. She not only solicited, she consummated the contract to that end and partly executed the same by payment of a portion of the consideration; she identified for the intended assassin the home and the car of the intended victim, pointed out a possible site for disposition of the body and advised the place and time when and where contact could be made for the consummation of the murder. She did everything she was supposed to do to accomplish the purpose. Had it not been for the subterfuge, the intended victim would have been murdered. Under such circumstances she cannot escape by reason of clever, elusive distinctions between preparation, solicitation and acts committed in furtherance of the design.

■ The fact that the intended accomplices were feigned does not relieve the defendant. It is not necessary that the contemplated murder be factually possible. It is sufficient if it was apparently possible

to the defendant. People v. Siu, Cal.App., 271 P.2d 575; People v. Parrish, 87 Cal. App.2d 853, 197 P.2d 804; People v. Lanzit, 70 Cal.App. 498, 233 P. 816; People v. Grant, 105 Cal.App.2d 347, 233 P.2d 660.

It is suggested that the crime was intercepted and became impossible prior to much of the conduct of the defendant which is used herein to constitute overt acts and that such subsequent acts in cooperation with feigned accomplices would not tend to establish the attempt. There is no merit to this contention. The fact that the crime is impossible in fact, although thought by the defendant to be possible, does not relieve the defendant of responsibility for her acts subsequent to the creation of the impossible conditions. People v. Siu, supra.

It is also suggested that the acts of Budek and Porovich, the simulated accomplices, cannot be attributed to defendant, to help create the necessary overt act. As heretofore stated, the acts of the defendant herself were sufficient and there is no occasion to enlist the aid of the acts of her feigned accomplices.

The other important question raised by the defendant is that the verdict in effect found her guilty of attempted murder in the first degree and there being no possible sentence which can be measured as punishment under the provisions of section 43–6109, supra, she must be acquitted. This section so far as applicable reads as follows:

"Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: If the offense so attempted is punishable by imprisonment in the state prison for five years, or more * * * for a term not exceeding one-half the longest term of imprisonment prescribed for the offense so attempted; * * *."

The information charged the defendant with attempt to murder "in violation of section 43–6109, A.C.A.1939". It will be observed that this statute does not in express terms make all attempts a crime but such attempts become crimes by reason of the provision therein prescribing punishment therefor. Consequently only those attempts that are capable of punishment under its terms are made crimes. An act denounced by the statute with no possible penalty is not a crime. Section 43–108, A.C.A.1939; 22 C.J.S., Criminal Law, § 25, p. 77; People v. McNulty, 93 Cal. 427, 26 P. 597, 29 P. 61. The punishment for first degree murder is compulsory life imprisonment or death. There is no possible punishment prescribed for an attempt to commit first degree murder and, therefore, an attempt to commit the same is not a crime under the provisions of said section 43–6109, supra. The charge is an attempt to murder in violation of this section and if an attempt to commit second degree mur-

der states a crime in violation of this section, the information amounts to a charge of attempt to murder in the second degree. On such a charge a guilty verdict would have to be considered as one of guilty of attempt to murder in the second degree. So construing the charge contained in the information and the verdict, whether there can be a legal conviction is dependent upon whether the statute prescribes an ascertainable punishment for attempted second degree murder.

The penalty for second degree murder is not less than ten years. The court upon conviction for this offense may sentence to imprisonment from ten years to any greater number of years or life. The contention has often been made under statutes like or similar to our section 43–6109, supra, that since the maximum prescribed sentence is life, there is no possibility of imposing imprisonment for one-half of life and the statute is impossible of execution and therefore of no effect. While this line of reasoning is plausible, the courts have refused to follow it. They hold that where a court is given the discretion to fix a period of years to life, it can take as the prescribed maximum such period of years as it deems proper as a base maximum and impose a sentence for the attempt at not to exceed one-half such base maximum. In re De Camp, 15 Utah 158, 49 P. 823; People v. Gardner, 98 Cal. 127, 32 P. 880.

We agree with these authorities and our view is that since the information necessarily charged attempted second degree murder and the verdict of guilty could not be for an offense greater than that charged, the court was justified in sentencing the defendant on the basis of a conviction for attempted second degree murder. The sentence here imposed did not exceed one-half the longest term of imprisonment for second degree murder and is therefore legal.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concurring.