382 P.2d 682

**The STATE of Arizona, Appellee,**

**v.**

**Elisha McCULLOUGH, Appellant.**

**No. 1259.**

Supreme Court of Arizona.

In Division.

June 12, 1963.

Robert Pickrell, Atty. Gen., Phoenix, Norman E. Green, County Atty., of Pima

County, Carl Waag, Deputy County Atty., Tucson, for appellee.

John R. McDonald, Tucson, for appellant.

LOCKWOOD, Justice.

This is an appeal by Elisha McCullough from a conviction in the Superior Court of Pima County of the crime of attempted robbery.

The defendant, along with William Welch, both masked, entered Kadjan's Liquor Store in Tucson, Arizona. The defendant pulled a pistol on John Dearhammer, a store clerk, and Dearhammer testified that the following conversation immediately took place:

"Q. Describe what took place that evening which you characterize as being unusual?

"A. Two guys came in with masks over their faces and said, 'It is a holdup,' and I said, 'Are you kidding?' And he said, 'No, I am not kidding,' and stuck a gun in my chest and told me to turn around and walk. That is unusual."

Before any property was taken from the store however, Kadjan and Dearhammer were able to secure their own guns and while Welch fled out of the store they held McCullough in custody until a police officer arrived to take him away. Welch was later apprehended the same night near the liquor store. The defense offered no evidence at the trial, but defendant's attorney moved to dismiss at the end of the state's case, on the ground that the state had failed to show an essential element of the crime charged, i. e., any attempt to take personal property.

Defendant assigns as error (1) the court's refusal to grant his motion to dismiss, and (2) the court's overruling defendant's objection to the witness Dearhammer's statement that "A holdup attempt happened," on the ground it was merely a conclusion and opinion of the witness.

Defendant's first assignment of error is untenable. The elements of criminal attempt are (1) an intent to commit the crime; and (2) some step or overt act toward the commission thereof. State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954); State v. Mandel, 78 Ariz. 226, 278 P.2d 413 (1954). Criminal intent "is manifested by the circumstances connected with the offense" (A.R.S. § 13-131) and in the instant case Dearhammer's testimony was sufficient evidence for the jury to find that the defendant intended to take property by force or fear. In addition the accomplice Welch testified that he and McCullough intended to rob the liquor store. Certainly, entering the store masked, carrying a gun and attempting to fire at the store owner, as evidence showed, were

sufficient overt acts to constitute an attempted robbery on the part of the defendant.

There is no merit to defendant's second assignment of error. The witness Dearhammer was merely characterizing the events of that particular evening by using ordinary words to express what he saw and heard. He further qualified the statement by a description of the "holdup" as we have quoted above.

Judgment affirmed.

UDALL, V. C. J., and JENNINGS, J., concur.