415 P.2d 470

The STATE of Arizona, Appellee,

v.

Charles E. BANDY, Appellant.

No. 2 CA–CR 63.

Court of Appeals of Arizona.

June 17, 1966.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

Charles E. Bandy, in pro. per.

KRUCKER, Chief Judge.

Appellant, Charles E. Bandy, was informed against in the Superior Court of Maricopa County, Arizona, charged with the crime of attempted robbery, and tried before a jury commencing April 5, 1965. On the same date, during trial, Bandy entered a plea of guilty. He was represented by court appointed counsel. On April 14, 1965, appellant was sentenced to a term of not less than five years nor more than seven years in the Arizona State Prison at Florence, Arizona.

On May 6, 1966, appellant filed in this Court a document entitled "Motion for Reduction in Sentence" which this Court, under the provisions of A.R.S. §§ 13–1713(3) and 13–1717, subsec. B, has elected to treat as an appeal.

A.R.S. § 13–1713 reads in part as follows:

"An appeal may be taken by the defendant only from:

\*    \*    \*    \*    \*    \*

"3. A sentence on the grounds that it is illegal or excessive."

We will first deal with the appellant's main contention that the sentence is excessive. If the sentence is excessive or illegal this Court has the power, under the provisions of A.R.S. § 13–1717, subsec. B, to impose any legal sentence, not more severe than that originally imposed, which, in its opinion, is proper.

A.R.S. § 13–643 reads in part as follows:

"Robbery shall be punished by imprisonment in the state prison for not less than five years."

A.R.S. § 13–1644 reads in part as follows:

"When a person is subject to punishment for a crime by imprisonment in the state prison for a term not less than any specified number of years and no limit to the duration of the imprisonment is declared, the court authorized to pronounce judgment upon such person may sentence him to imprisonment during his natural life, or for any number of years not less than prescribed."

A.R.S. § 13–110 reads in part as follows:

"A person who attempts to commit a crime shall be punished, where no provision is made by law for the punishment of such attempt, as follows:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more or by imprisonment in the county jail, by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term

. of imprisonment prescribed upon conviction of the offense so attempted."

Our Supreme Court was confronted with this problem in State v. Mandel, 78 Ariz. 226, 231, 278 P.2d 413, 417 (1954), in which case the conviction was for attempted murder, which the Court resolved to be second degree murder and held as follows:

" * * * The contention has often been made under statutes like or similar to our section 43-6109, supra, that since the maximum prescribed sentence is life, there is no possibility of imposing imprisonment for one-half of life and the statute is impossible of execution and therefore of no effect. While this line of reasoning is plausible, the courts have refused to follow it. They hold that where a court is given the discretion to fix a period of years to life, it can take as the prescribed maximum such period of years as it deems proper as a base maximum and impose a sentence for the attempt at not to exceed one-half such base maximum."

Under the laws of this State and the statutes above cited, one convicted of robbery could receive a sentence of not less than five years, with a maximum sentence of life.

As we construe Mandel, the maximum sentence for the attempt of a crime for which the legal maximum for committing the crime itself is life, may be one-half of any number of years that could have been imposed by the court as a maximum for the crime itself. Practically, this means there is no legal maximum upon the court in imposing such a sentence, as this court knows of no limitation as to the number of years that may be selected as the maximum if the legal maximum of a sentence is life imprisonment. Certainly, a maximum of fourteen years for the crime of robbery would be within legal limits, and hence the seven year maximum is within the legal limits of a sentence for attempted robbery.

As to the appellant's contention that the sentence imposed for attempted robbery is an abuse of discretion, we fail to agree.

The crime of attempted robbery is serious enough, in our opinion, to merit the sentence imposed.

The judgment of the lower court is affirmed.

HATHAWAY and MOLLOY, JJ., concur.