463 P.2d 75

The STATE of Arizona, Appellee,

v.

Charles Clifford VANN, Jr., Appellant.

No. 2 CA–CR 192.

Court of Appeals of Arizona.

Division 2.

Jan. 2, 1970.

Gary K. Nelson, The Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Richard D. Sorenson, Tucson, for appellant.

HOWARD, Judge.

The defendant was charged with and convicted, in the lower court, of the crime of attempted robbery. Viewing the facts in the light most favorable to sustaining the jury's verdict of guilty, they are as follows: On December 13, 1968, the defendant, a young man of the age of 23, went to the Continental Trailways Bus Station in Tucson, Arizona, to purchase a ticket to San Diego, California. The bus was scheduled to leave at 11:20 p. m. At approximately 8:00 p. m. he went to the Champagne Lounge to partake of some of the libations dispensed at that establishment. The defendant, who apparently fancies himself to have a voice similar to that of Hank Williams, played the jukebox and sang "I Feel So Lonely I Could Cry." It was at this bar that the defendant met the victim, Mr. Louis C. Renberg, a gentleman of the age of 72 years. Between 8:30 p. m. and 9:00 p. m. Mr. Renberg informed the defendant that he was going to a dance at the Armory Park Recreation Center. The defendant asked if he could go along and he and Mr. Renberg proceeded to the Recreation Center.

Mr. Renberg had been going to the Center dances regularly for the past two years. This was a Friday night and the Friday night dances are primarily for senior citizens, who are persons fifty years and over, and for members of the Golden Age Club, who are sixty years and over. Mr. Renberg proceeded into the rest-room followed shortly by the defendant. There is a conflict of testimony as to what occurred in the rest-room. Mr. Renberg testified that after the defendant came in, the defendant asked him to give him twenty dollars and that upon Mr. Renberg's refusal to do so, the defendant put his hand in his pocket, as if he had a gun on him, and said, "You know what this means?" Mr. Renberg then told the defendant he was in trouble and knocked his hand away from his pocket. The defendant then hit him alongside of the head two or three times with some object causing Mr. Renberg to fall to the floor. The defendant ran out of the rest-room, out of the Recreation Center, and left the scene.

Mr. Renberg hollered for help and a lady in the area told the recreation specialist, who was at the desk at the center, to call the police. The recreation specialist went to the rest-room and saw Mr. Renberg covered with blood. Mr. Renberg was taken to the Pima County Hospital. The police contacted the defendant at the bus station where he was waiting for the bus that was to leave at 11:00 p. m.

The defendant was taken by the police to the Armory Park Recreation Center. He told the police that he had never been there. He then went with the police to the Pima County Hospital and, upon seeing Mr. Renberg there said, "Why don't you arrest that dirty wino because he is the one who robbed me, search him. He has a gun on him."

Mr. Renberg invited the police to search him. They did, and they found no weapons on him. No weapon of any kind was ever found in the possession of the defendant.

The defendant denied that he ever asked Mr. Renberg for any money in the washroom. He claims that he did follow Mr. Renberg into the washroom, with a cigarette in his mouth, and as he put his hand in his pocket to take his lighter out to light his cigarette, Mr. Renberg suddenly attacked him.

The defendant contends that the court erred in denying his motion for a directed verdict and in denying his motion for a new trial. The defendant further contends that the trial court erred in giving an instruction to the jury which was a comment on the evidence.

The elements of the crime of attempted robbery are: the intent to commit robbery and an overt act toward the commission thereof. State v. McCullough, 94 Ariz. 209, 382 P.2d 682 (1963). It is the position of the defendant that his mere re-

quest for money did not indicate an intent to rob, nor did the placing of his hand in his pocket constitute an overt act. Intent, being a state of mind, proof of intent generally must be circumstantial in nature. What the defendant does or fails to do and what he says may be evidence of what is going on in his mind.

The defendant contends that his actions indicated at the most the request of a gift or loan of twenty dollars. This is a very interesting contention on appeal since at the trial he denies ever having asked Mr. Renberg for any money at all. There is no testimony as to why Mr. Renberg should have given him a gift of twenty dollars nor is there testimony as to how Mr. Renberg was going to collect his "loan," since the defendant was leaving town for San Diego within a couple of hours. Not only did the defendant put his hand in his pocket and ask for money, but when he put his hand in his pocket he did so "as if he had a gun on him," and said, "You know what this means?" He hit Mr. Renberg two or three times hard enough to cause bleeding and then fled from the scene.

We find the method used by the defendant to ask for a "gift" or "loan" rather strange. In fact, we find this method so strange that we believe his words and actions are substantial evidence indicating that he had indeed committed the crime of attempted robbery and that the trial court properly refused to direct a verdict of acquittal. State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966). His actions and words further indicate that defendant intended the crime to be committed and his acts constituted not mere preparation, but were acts in furtherance of the crime. State v. Mandel, 78 Ariz. 226, 278 P.2d 413 (1954).

At the time for sentencing, approximately two weeks after the jury verdict, and before the sentencing, the defendant moved for a new trial. The grounds for a new trial were the same as those which we have previously mentioned in his motion for a directed verdict of acquittal. For the reasons previously stated, the trial court was correct in denying a new trial. Whether or not to grant a defendant in a criminal case a new trial is largely a matter of discretion with the trial court and a denial of a new trial will not be grounds for reversal unless the court affirmatively appears to have abused its discretion and to have acted arbitrarily. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965).

The defendant claims as an additional ground that the trial court abused its discretion in this case because when the court denied the motion for new trial, it gave as one of the reasons for the denial the fact that the evidence showed that while the victim was on the ground "his wallet disappeared." There was no such testimony at the trial. The court was mistaken as to the taking of the wallet, but we do not believe this error warrants reversal. There were reasons enough for the trial court to deny a motion for a new trial and, in fact, under the evidence in this case, it might have been an abuse of discretion for the trial court to have granted a new trial.

The defendant claims the following instruction constitutes a comment on the evidence:

"* * * evidence, *if any,* that the Defendant on one or more occasions other than from the witness stand, made false, contradictory or misleading statements concerning the charge against him, which now is being tried, may be considered by the jury as a circumstance tending to prove a consciousness of guilt, but it is not sufficient of itself to prove guilt. The weight to be given to such a circumstance, and the significance, *if any,* to be attached to it, are matters for you, the jury, to determine." (Emphasis added.)

This instruction is not the type of instruction forbidden by Art. 6, § 27 of the Constitution of Arizona, A.R.S. which forbids the judge to comment on the evidence. State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964). Conditional statements embodied in instructions are not prohibited by the

Constitution. The trial court is not forbidden to make reference to the evidence, but it is only forbidden to comment on it. The judge "comments" on the evidence when he expresses his opinion to the jury as to what the evidence shows or does not show, or when he assumes any particular fact, which has been disputed, as being in fact proven. State v. Willits, supra. Defendant further claims that the instruction constitutes an overemphasis of a particular facet of the case. We disagree. It is no more an overemphasis than the instruction on flight approved by the court in State v. Rodgers, 103 Ariz. 393, 442 P.2d 840 (1968).

We therefore find that the foregoing instruction was a proper instruction. Judgment of the trial court is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.