590 P.2d 1379

**STATE of Arizona, Appellee,**

v.

**Roy Lee DALE, Appellant.**

**No. 4373.**

Supreme Court of Arizona,
In Banc.

Feb. 7, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Bruce M. Ferg, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Roy Lee Dale was convicted by a jury for the crime of attempted robbery, and appeals. Judgment affirmed.

Late on the afternoon of August 6, 1977, James Stanton, a seventy-nine-year-old night watchman, was walking south on Central Avenue in Phoenix, Arizona, when two men asked him to help them start their car. Stanton agreed, but said he could not help push the car because he wore a pacemaker. Stanton went with the men to a car in an isolated parking lot. He noticed that neither the trunk nor the hood of the car was open, and when they did not try to start the car, he became suspicious and remarked that he did not believe that the car belonged to them. At this point, appellant said, "All we want is that wallet in your back pocket. If I hit you, I'll kill you." Stanton immediately turned and ran, calling for help. He was picked up by a passing motorist. Stanton called the police from a nearby restaurant, and appellant and his companion were arrested shortly thereafter.

Appellant argues that the court's failure to grant his motion for a directed verdict was erroneous because the State failed to show an act to support the charge of attempted robbery.

▉ The elements of the crime of attempted robbery are: (1) the intent to commit the robbery, and (2) some step or act toward commission of the crime. See *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970); *State v. McCullough,* 94 Ariz. 209, 382 P.2d 682 (1963); *State v. Vann,* 11 Ariz.App. 180, 463 P.2d 75 (1970). Appellant acknowledges that the State established his intent to rob Stanton, but maintains that his conviction cannot stand since the State failed to show that he made even the slightest threatening gesture toward Stanton.

▉ One of the basic tenets of criminal law is that a person cannot be convicted for his evil thoughts alone; there must be an act or an omission to act where there is a duty to act. In deciding whether a person is guilty of attempted robbery, courts must examine the particular facts in each case to determine whether the acts of the defendant have advanced beyond the stage of mere preparation. See 55 A.L.R. 714 (1928). As we stated in *State v. Mandel,* 78 Ariz. 226, 278 P.2d 413 (1954):

"The question is whether under the * * circumstances the defendant committed an overt act, took steps or did things that if not interrupted would have resulted in the commission of the crime. In answering this question we must bear in mind that the act or acts leading to or intended to accomplish the crime to come within the category of an overt act need not be the last possible act to the consummation thereof. When an intent is clearly shown, slight acts in furtherance thereof will constitute an attempt. [Citations omitted.]

\* \* . \* \* \* \*

The fundamental reason back of the requirement of an overt act is that until such act occurs, there is too much uncertainty that a design is to be apparently carried out. Until that time the situation is equivocal; there is not sufficient certainty that the design will, if not interrupted, be fully completed. When by reason of the conduct of defendant the situation becomes unequivocal and it appears the design will be carried into effect if not interrupted, we have a condition that meets the test of overt acts intended to accomplish the purpose." 78 Ariz. at 228–29, 278 P.2d at 415.

▉ Our review of the circumstances of this case establishes that appellant went beyond mere preparation. He induced the

victim to accompany him to an isolated parking lot. That act, in itself, was equivocal;[1] but when appellant made his demand for the victim's wallet and threatened to kill him, the situation became unequivocal, and the robbery attempt was committed.

 Appellant argues, however, that the Court of Appeals, in *State v. Vann,* supra, distinguishes words from acts, and holds that words alone cannot constitute the requisite overt act. In *Vann,* the defendant accosted his victim in a restroom and asked for money. When the victim refused, Vann put his hand in his pocket as though he had a gun and said, "You know what this means?" The victim resisted, so Van struck him several times before fleeing. On appeal, Van claimed that his request for money did not indicate an intent to rob, and that the placing of his hand in his pocket did not constitute an overt act. In sustaining Vann's conviction, the Court of Appeals rejected Vann's argument saying:

"* * * we believe his words and actions are substantial evidence indicating that he had indeed committed the crime of attempted robbery and that the trial court properly refused to direct a verdict of acquittal. *State v. Acosta,* 101 Ariz. 127, 416 P.2d 560 (1966). His actions and words further indicate that defendant intended the crime to be committed and his acts constituted not mere preparation, but were acts in furtherance of the crime. *State v. Mandel,* 78 Ariz. 226, 278 P.2d 413 (1954)." 11 Ariz.App. at 182, 463 P.2d at 77.

Appellant argues from the above-quoted language that words alone cannot constitute the requisite act. But as we understand the decided cases, words may be acts sufficient to sustain a conviction for an attempt when viewed in the light of the circumstances in which they were uttered. *See People v. Coleman,* 350 Mich. 268, 86 N.W.2d 281 (1957), and cases cited therein; W. LaFave, Criminal Law, § 25 (1972 ed.).

In the instant case, the seventy-nine-year-old victim was confronted by a twenty-six-year-old male and a companion in an isolated parking lot. The appellant was aware that the victim used a pacemaker. The threat on the victim's life was explicit. Obviously, the threat did not result in the intended effect since the victim ran away, but there can be no question but that the victim feared for his safety. In the light of these circumstances, the demand for the victim's wallet, coupled with the threat of violence, constituted the act necessary to sustain the conviction.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.

---

1. The Model Penal Code, on which Arizona's new criminal code is in part based, sets forth several categories of conduct which it suggests are sufficient to show criminal attempt if strongly corroborative of the actor's criminal intent. "[E]nticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission" is one of the suggested categories. Model Penal Code § 5.01(2)(b).