STATE EX REL. MATTHEWS, APPELLANT, *v.* TAYLOR, JUSTICE OF THE PEACE, RESPONDENT.

(No. 2,173.)

(Submitted November 10, 1905. Decided November 24, 1905.)

*Prohibition—Justice of the Peace—Jurisdiction—Action for Deceit.*

1. Section 66 of the Code of Civil Procedure, enacted in pursuance of sections 21 and 22 of Article VIII of the Constitution, does not clothe justices of the peace, either expressly or impliedly, with power to try and determine actions for deceit.

*Appeal from the District Court, Silver Bow County; Michael Donlan, Judge.*

APPLICATION for writ of prohibition by the state on relation of William F. Matthews, against C. Taylor, justice of the peace for South Butte Township, Silver Bow County. From a judgment of dismissal plaintiff appeals. Reversed.

*Mr. James M. Hinkle,* for Respondent.

Appellant (defendant in the court below) did not demur to the complaint, to raise a question of jurisdiction. We contend that the failure to demur to the complaint for want of jurisdiction in the justice of the peace to try the cause, the petition

for a writ of prohibition was properly denied, and the court below committed no error, and if that is correct, then the only question appellant claims is involved in this appeal this court is not called upon to consider, and the ruling of the court below should be affirmed.

The complaint sets out and describes the contract and recites the misrepresentations of appellant to respondent, and after reciting the precaution of the respondent to protect himself by placing the notes in escrow, after that when appellant came to respondent to withdraw said notes from escrow, the complaint alleges: "And on the further statement by the defendant at the time, that he would see that no damage occurred to plaintiff by reason of any possible claims that might come against said property or machinery which might be due and unpaid prior to the purchase by plaintiff from the defendant of said property, and relying on all of said statements, etc., he was thereby induced to and did permit the defendant to withdraw said notes from escrow and transfer them to an innocent purchaser." It will thus be seen that there was a contract between the parties by which the appellant was permitted to withdraw said notes from escrow, and the consideration was that he would see that no damage occurred to respondent; therefore we contend that this action grows out of a contract, and we are seeking to recover the amount of damages which appellant impliedly agreed to pay. It is in effect a plain suit on contract.

*Mr. Lewis P. Forestell,* for Appellant.

If appellant misrepresented to Hastie a material matter; which Hastie had a right to rely upon, which was false, which Hastie believed to be true and did rely upon, and was induced thereby to buy the property mentioned in the complaint and to deliver his notes in payment; and that he sustained damages thereby,—then he would have a cause of action to the extent of his damage for the fraud and deceit practiced on him by appellant. (14 Am. & Eng. Ency. of Law, 2d ed., pp. 23, 59, and cases cited; *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 121, 72 Pac. 301.) The averments of the complaint are insuffi-

cient to constitute actionable fraud, but there can be no doubt that such is the character of the action the pleader intended to state. The gist of the action is the alleged fraud and deceit alleged to have been practiced by appellant upon the plaintiff, Hastie, and the object of the action is to recover damages therefor.

A justice of the peace has no jurisdiction for an action for fraud and deceit. Where the jurisdiction of justices is confined to actions *ex contractu* they have no jurisdiction of actions for damages or actions on the case. (18 Am. & Eng. Ency. of Law, 20, and cases cited.) "An action for fraud or deceit is an action on the case." (*Hart* v. *Tallmadge,* 2 Day, 381, 2 Am. Dec. 105; *Sharp* v. *Curtiss,* 15 Conn. 526; 21 Ency. of Pl. & Pr. 902.) The form of the action is made the test, whether contract or tort. (*Conn* v. *Stumm,* 31 Pa. St. 14.) "A justice of the peace has no jurisdiction of an action for fraud and deceit in obtaining note." (*Millheim Bkg. Co.* v. *Peifer,* 22 Pa. Co. Ct. 129; *Murphy* v. *Thall,* 17 Pa. Super. Ct. 500.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Prohibition. This proceeding was brought in- the district court of Silver Bow county to restrain the defendant, a justice of the peace, from proceeding to try and determine a certain cause pending before him as such justice, entitled *Samuel Hastie, Plaintiff,* v. *William F. Matthews, Defendant,* for that the said justice has no jurisdiction of the subject matter thereof. Upon the hearing in the district court on the day fixed for the defendant to show cause under the alternative writ, the court dismissed the proceeding and entered judgment for defendant. This appeal is from the judgment.

The question submitted to the court is, whether the justice's court has jurisdiction of the subject matter of the action. The complaint filed in that court is voluminous, and vague and indefinite in its allegations; but if it states a cause of action at all, upon any theory, it states one for deceit of which the defendant was guilty in connection with the sale by him to plaintiff of an interest in a concentrator and machinery used therein

and a certain tailings dump, by reason of which the plaintiff suffered damage.

The civil jurisdiction of justices' courts, as was pointed out in *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695, is limited by the Constitution (sections 21, 22, Article VIII) and by the provisions of the Code of Civil Procedure (section 66) enacted in pursuance thereof. In that case it was said: "Within the limitations prescribed by the Constitution, the legislature has power to confer jurisdiction upon justices' courts in any class of cases; but these courts, being thus constituted courts of special and limited jurisdiction, are without power to hear and determine any case when such power is not, specifically or by clear implication, conferred by the statute defining their powers."

We do not find in section 66, *supra,* any express or implied grant of jurisdiction to try and determine an action for deceit. While, so far as the provisions of the Constitution are concerned, the legislature might have granted the jurisdiction in question, it has failed to do so. Whether this omission was intentional or through oversight, it is not necessary for this court to inquire. It is sufficient for present purposes to say that it has not done so.

The wrong complained of by the plaintiff in the justice's court was done in connection with the contract of sale of the property, but the subject matter of the action is not the contract or the breach of it, but the wrong wrought by the deceit by reason of which the plaintiff suffered damage. The action is not one *ex contractu,* but *ex delicto,* and is not enumerated among the actions *ex delicto* of which the justice's court has jurisdiction. That court was, therefore, without power to proceed.

No question is made in this court as to whether the defendant has pursued the proper remedy. This feature of the case we have not considered.

The district court was in error in dismissing the application. The judgment is therefore reversed.                    *Reversed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.