STATE, Appellant, v. WILES, Respondent.

(No. 7,312.)

(Submitted January 9, 1935. Decided January 22, 1935.)

[41 Pac. (2d) 8.]

578

Cause submitted on brief of Counsel for Appellant.

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. E. V. Ahern,* County Attorney of Hill County, for Appellant.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

After leave of court secured, the county attorney of Hill county filed an information in the district court charging Charles Wiles with the unlawful possession of an unknown quantity of "moonshine whisky," in violation of the prohibition contained in Chapter 105 of the Session Laws of 1933. To this information the defendant demurred specially on the ground that the court was without jurisdiction, "in that said offense is a misdemeanor and within the jurisdiction of the justices' courts." The demurrer was sustained and judgment of dismissal entered. The Attorney General has appealed from the judgment on behalf of the state on theory that Chapter 105, above, impliedly confers upon the district court at least concurrent jurisdiction with the justices' courts over such cases as this. The defendant did not appear by brief or otherwise.

Our Constitution vests in our district courts jurisdiction "in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for" (sec. 11, Art. VIII); and declares that "justices' courts * * * shall have such jurisdiction in criminal matters, not of the grade of felony, as may be provided by law." (Sec. 21, Art. VIII.) Within the limitations prescribed by the Constitution, the legislature may confer jurisdiction, in any class of cases, upon

either the district courts or the justices' courts. (See *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695; *State ex rel. Matthews* v. *Taylor,* 33 Mont. 212, 83 Pac. 484.)

In conformity with the constitutional limitations, the legislature, from the earliest days of statehood, has declared that the jurisdiction of our justices' courts shall extend to "all misdemeanors punishable by a fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or both such fine and imprisonment" (sec. 11630, Rev. Codes 1921), and that "the district court has jurisdiction of all public offenses not otherwise provided for" (sec. 11631, Id.).

Nothwithstanding the foregoing enactments, our Prohibition Act (Chap. 143, Laws of 1917), having vested in the district court jurisdiction "in all criminal actions for violations of the provisions of this Act" (sec. 37), when the legislature thereafter declared certain violations of the Act but misdemeanors otherwise triable in the justices' courts, without repealing or amending section 37 (Chap. 9, Laws Extraordinary Session 1921), it was held that those misdemeanors were properly triable in the district court. (*State* v. *Bowker,* 63 Mont. 1, 205 Pac. 961; *State* v. *Sorenson,* 65 Mont. 65, 210 Pac. 752.) Thereafter all provisions of our law respecting prohibition and its enforcement, with certain exceptions, were repealed by vote of the people at the November election, 1926. (See Sess. Laws 1927, p. 603.)

Chapter 105 of the Laws of 1933 is the "State Liquor Control Act," passed to "Limit, Regulate and License the Manufacture and Sale" of liquor, after the repeal of the National Prohibition Act. It sets up the "Montana Liquor Control Board" and provides for state liquor stores. (Part II, sec. 10.) Liquor may be purchased only on permit. (Sec. 18.) Part IV of the Act is entitled "Prohibitions, Interdiction, Penalties and Procedure in Prosecutions and on Appeal." Section 45 (3) of Part IV provides that "no person shall have or keep" any liquor not purchased from proper authority. Section 71 of the Act declares that "every person who violates any provision of this Act or the regulations made hereunder, shall

be guilty of a misdemeanor unless other punishment is herein prescribed."

The Act contains no specific provision for punishment for the violation of the prohibition against possession of illicit liquor. At the close of the Act it is declared that "anyone violating any of the provisions of this Act shall be guilty of a misdemeanor and be subject to punishment not exceeding Five Hundred Dollars ($500.00) fine, or six (6) months' imprisonment, either or both; except where other penalties or punishment is herein expressly provided." (Sec. 103.)

Nowhere in the entire Act is there such a provision as that contained in section 37 of the 1917 Enforcement Act, conferring jurisdiction on the district court, and, ordinarily, it would seem clear that the offense here charged came within the exclusive jurisdiction of the justice's court. However, the Attorney General contends that, as Chapter 105 above contains many provisions similar to those of our former Prohibition Law, such as provisions for searches, seizures and the forfeiture of property, and provision for an order of interdiction canceling any person's liquor permit (which is property), the Act, by implication, confers jurisdiction upon the district court, as it was conferred by the Enforcement Act.

The mere fact that the Legislative Assembly of 1921 conferred jurisdiction on the district court in such cases is ▮ without significance here, for its repeal "had the effect of blotting it out as completely as if it had never existed." (*Westchester Fire Ins. Co.* v. *Sullivan*, 45 Mont. 18, 121 Pac. 472, 473; *State ex rel. Snidow* v. *State Board of Equalization*, 93 Mont. 19, 17 Pac. (2d) 68, 18 Pac. (2d) 804; *Standard Oil Co.* v. *Idaho Community Oil Co.*, 95 Mont. 422, 27 Pac. (2d) 173.)

The Attorney General relies upon the statement that "a ▮ statute imposing forfeiture of property as a punishment for crime ousts the justice of the peace of jurisdiction of that crime, although the fine and imprisonment imposed in addition are such as he has jurisdiction to impose." (16

C. J. 157.) This statement is based solely upon the authority of *Klyman* v. *Commonwealth*, 97 Ky. 484, 30 S. W. 985.

In a quasi-criminal proceeding to enforce a forfeiture of property, for instance, an automobile used in illegal transportation of liquor, a justice's court would have no jurisdiction if the value of the property exceeded the amount to which such jurisdiction is· limited in civil actions. (*Traffic Truck Sales Co.* v. *Justice's Court*, 192 Cal. 377, 220 Pac. 306.)

There is, however, nothing in the Constitution to prohibit the legislature from extending the jurisdiction of the justice's court in misdemeanor cases, and where the forfeiture of property, of a value to bring it within the jurisdiction of such a court at least, ·is but an incident to the conviction and imposition of a fine or imprisonment, or is not a part of the punishment imposed by the justice, but follows by reason of the statutory mandate, there is no ouster of jurisdiction. (*State* v. *Hanson*, 114 Minn. 136, 130 N. W. 79; *State* v. *Pope*, 79 S. C. 87, 60 S. E. 234.)

Sections 67 to 70 of Chapter 105, above, deal with the subject of "Interdiction" of any person who, by reason of "excessive drinking * * * misspends, wastes, or lessens his estate" and for "summary" conviction of such a person who, after interdiction, has liquor in his possession. Reference here is merely to the "court," but, as such a case is not before us, we need not determine whether or not such proceedings must be brought in a justice's court; however, the Act itself would indicate that the intention was that it should be, as section 70 in effect provides for an appeal to the district court from the order of interdiction.

With reference to the cancellation of "permits," it is clear that the legislature intended to confer jurisdiction to do so upon the justices' courts as an incident to the conviction, for section 24(2) expressly provides that "the justice before whom any holder of a permit issued under this Act is convicted of a violation of any provision of this Act, * * * may cancel the permit or suspend the same for a period not exceeding one month." The judge of a district

court is never referred to as a "justice." It is true that in sections 80 and 81, in outlining the "procedure" in such cases, reference is made to the "information" and the "information or complaint." Technically, of course, the term "information" designates a formal accusation filed in the district court, but this use, or misuse, of the term alone does not warrant the deduction that the legislature impliedly vested jurisdiction in the district court; had that body so desired, it would undoubtedly have so provided in set terms, as it did in the old Enforcement Act.

Under the provisions heretofore mentioned, the justice's court has exclusive jurisdiction of the offense charged, and the district court properly dismissed the case. Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART and ANDERSON concur.

MR. JUSTICE MORRIS, deeming himself disqualified, takes no part in this opinion.