EX PARTE SHEEHAN.

(No. 7,453.)
(Submitted June 12, 1935.   Decided June 22, 1935.)
[49 Pac. (2d) 438.]

*Mr. Roy A. Michaud,* for Petitioner, submitted a brief and argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. Jeremiah J. Lynch,* First Assistant Attorney General, for the State, submitted a brief; *Mr. Lynch* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Petition of Gordon Sheehan to be discharged from the actual custody in which he is held by the sheriff of Deer Lodge county. The petition sets forth the facts in connection with petitioner's conviction on a misdemeanor charge in the justice's court of West Anaconda township, the judgment and subsequent incarceration, with a copy of the justice's docket. On the petition a writ of *habeas corpus* was issued, and on return thereto it was stipulated that all facts set up were true, and the petition was submitted as an agreed statement of facts. It was further stipulated that the sheriff be deemed to be present at the hearing and to there have the body of the petitioner personally before the court.

On May 14, 1935, Gordon Sheehan, with two others, was charged in the justice's court with petit larceny, duly arraigned and entered a plea of "not guilty," but later, at a conference with "the arresting officer, the county attorney  *   *   *   and others," it was agreed that "if the defendant would change his plea,  *   *   *   sentence would be suspended and he would be placed on probation." The defendant withdrew his plea and entered a plea of "guilty," and "judgment was thereupon pronounced and he was sentenced to serve a term of six (6) months in the county jail of Deer Lodge county, Montana, said judgment was then and there suspended by order of the court and the said Gordon Sheehan was placed on probation and given his liberty under the said suspended sentence." However, the court's docket shows merely the judgment of conviction and sentence, followed by the entry, "Issuance of *Mittimus* is suspended temporarily upon condition that said defendant leave and remain out of Deer Lodge county, and upon his failure to do so, *Mittimus* to issue forthwith to the sheriff requiring him to serve the said sentence."

On May 23, 1935, Sheehan was re-arrested and placed in the county jail, and on June 3 the justice of the peace issued the order, under which the sheriff holds the petitioner, and made

the following entry in his docket: "*Mittimus* is issued to the sheriff of date May 16th, 1935, requiring defendant, Gordon Sheehan, to serve the sentence imposed upon him May 16, 1935."

The petitioner contends that, upon pronouncement of sentence and its suspension under the authority granted in section 12078 of the Revised Codes of 1921, the justice of the peace lost jurisdiction and only the state board of prison commissioners could order his incarceration, and it, only, for a violation of the conditions imposed by the board on probation. This is the effect of the suspension of sentence under the Probation Law (*State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558, 559; *State ex rel. Foot* v. *District Court,* 72 Mont. 374, 233 Pac. 957), and the Attorney General concedes that petitioner's position is unassailable if that law applies to courts inferior to the district court, but contends that it does not.

Section 12078, above, declares that: "In all prosecutions for crimes or misdemeanors, except as hereinafter provided, where the defendant has pleaded or been found guilty, or where the court or magistrate has power to sentence such defendant to any penal or other institution in this state, and it appears that the defendant has never before been imprisoned for crime, * * * and where it appears to the satisfaction of the court that the character of the defendant and circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and where it may appear that the public safety does not demand or require that the defendant shall suffer the penalty imposed by law, said court may suspend the execution of the sentence and place the defendant on probation in the manner hereinafter provided."

It will be noted that this authority is granted to "the court or magistrate" in *all* prosecutions for "misdemeanors." "Magistrates" are officers having power to issue a warrant for the arrest of a person charged with a public offense, which includes the justices of the Supreme Court, judges of the district courts, justices of the peace, and police magistrates. (Secs. 11618, 11619, Rev. Codes 1921.)

Crimes are divided into felonies and misdemeanors. A felony is a crime punishable with death or by imprisonment in the state prison; every other crime is a misdemeanor. (Secs. 10722, 10723, Id.)

Our Constitution provides that district courts shall have jurisdiction over felonies and in cases of misdemeanor not otherwise provided for; while justices' courts shall have jurisdiction in criminal matters, not of the grade of felony, "as may be provided for." (Secs. 11, 21, Art. VIII.) Discretion was therefore vested in the legislature to confer jurisdiction in misdemeanor cases on either the district court or the justice's court. (*State* v. *Wiles*, 98 Mont. 577, 41 Pac. (2d) 8.)

Pursuant to this constitutional authority, the legislature reposed jurisdiction in the justices' courts in all prosecutions for petit larceny, assault in the third degree, breaches of the peace, riots, routs, affrays, wilful injury to property, and for all misdemeanors punishable by fine not exceeding $500, or imprisonment not exceeding six months, or both such fine and imprisonment. (Sec. 11630, Rev. Codes 1921.) The foregoing penalty is that usually provided for misdemeanor cases and applies to all such cases where the penalty is not otherwise prescribed (sec. 10725, Id.); all public offenses for which no penalty is prescribed being punishable as misdemeanors (sec. 10951, Id.).

The district court has jurisdiction of all public offenses not otherwise provided for (sec. 11631, Id.), and it is therefore apparent that the district court has jurisdiction of misdemeanors only in exceptional cases, and, unless a law specifically provides that the district court shall have jurisdiction in cases of its violation or fixes the penalty above the maximum jurisdiction of the justices' courts, cases of violation fall within the exclusive jurisdiction of the latter courts. (*State* v. *Wiles*, supra.)

Section 12078, above, therefore clearly discloses a legislative intent to include within its beneficial provisions all persons prosecuted for a public offense in either the district court or the justices' courts, who can qualify for probation. The Attorney General insists that such a conclusion is negatived by the

fact that the section appears in that portion of the Codes dealing ▮ exclusively with district courts. The position of the provision in the Codes has no significance, as it was the result of the act of the codifier and not of the legislature. Section 12078 is section 1 of Chapter 21 of the Laws of 1913, which, in its entirety, makes no mention of the district court as such, and certainly does not designate its place in future Codes.

It is, however, asserted that certain other parts of the Act indicate that the provisions of section 12078 were intended to apply only to prosecutions in the district court, and that, in arriving at the intention of the legislature, the Act as a whole rather than any particular part of it must be considered. (*State ex rel. Malott* v. *Board of County Commrs.*, 89 Mont. 37, 296 Pac. 1; *State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board*, 94 Mont. 386, 23 Pac. (2d) 253.)

It is first said that section 2 of the Act (sec. 12079, Rev. Codes 1921), providing that no person convicted of designated heinous crimes shall have the benefit of probation, carries the implication that the Act does not refer to justices' courts, as such courts have no jurisdiction in such cases. There is no merit in this suggestion. The legislature merely excluded a certain class of cases from the provisions of the Act, leaving all other cases to come under the Act regardless of where they are tried.

It is next contended that the Act is inapplicable to justices' courts because, having provided that an order of probation places the defendant under the control of the state board of prison commissioners (sec. 12080), it makes it the duty of the board "to furnish the clerk of courts of each county" with blanks (sec. 12081), and makes it the duty of "the clerk of said court" (the court placing a defendant on probation) to certify the record to the board. (Sec. 12082.) It will be noted that section 12081 requires the blanks to be furnished to "the clerk of courts of each county"—an awkward expression for the use of which there is no logical excuse if it was the intention of the legislature to refer only to district courts. While we have a few counties in which there are two resident judges, but one of these is an entire judicial district, and although the court in counties

having more than one judge is divided into departments, the district court of each county is but a single "court." The phrase "the courts of each county" must, necessarily, therefore, refer to one or more "courts" in addition to the district court of any one county, as the word "each" emphasizes the consideration of the counties individually (see Merriam-Webster Int. ██ Dictionary, 2d ed.). Had the legislature, then, being presumed to know the facts with reference to the subject under consideration (*Leuthold* v. *Brandjord,* ante, p. 96, 47 Pac. (2d) 41) intended the law to apply only to convictions in the district court, it would undoubtedly have drafted the section to. read, "the clerk of the court of each county," or, better still, "the clerk of the district court." While justices of the peace are township officers, justices' courts fall within the description "the courts of each county."

It is true that the law does not provide justices' courts with clerks; the justice of the peace acts as his own clerk; he accepts and files complaints (sec. 9627, Rev. Codes 1921), and issues summons thereon, and may issue alias summons on demand (sec. 9633, Id.), acts which in the district court are performed by the clerk. With reference to service of summons by publication, the provisions relating to such action in a district court are made applicable by substituting the word "justice" for the word "clerk" whenever the latter appears in the statutes. (Sec. 9636, Rev. Codes 1921.) The justice keeps his own docket (secs. 9703-9705) and issues executions (sec. 9693), duties which are performed in the district court by the clerk. Likewise, in criminal cases, many acts which in the district court are performed by the clerk, such as transfers of papers and proceedings (sec. 12308), the entry of verdict (sec. 12322), entry of judgment (sec. 12332), the issuance of subpoenas (sec. 12343), must, of necessity, in a proper case, be performed by the justice of the peace. It follows that the justice, having no "clerk," is in duty bound to perform any duty in connection with his court ordinarily performed, or by statute required to be performed, by the "clerk."

Justices of the peace are not furnished supplies direct, but get their blanks from county officers, and here, if the state board furnishes blanks to the clerk of the district court only, a justice desiring to place a defendant on probation will have no difficulty in securing blanks from such clerk.

The mere fact that the legislature did not insert the words "or justice" after the words "clerk of the courts" in the two sections mentioned, cannot overcome the clear and unambiguous declaration of the Act that in *all* prosecutions for misdemeanors the "court *or* magistrate" having power to sentence to either a penal or "other" institution, may give the defendant the advantage of the Act, when we consider that perhaps 95 per cent. of all such prosecutions are had in the justices' courts.

Nor is there any reason why a defendant who has been convicted of the commission of a misdemeanor in the district court should be accorded the mercy of the court (*State ex rel. Foot* v. *District Court,* above), but one convicted in a justice's court shall be denied such mercy, such an interpretation of the law would savor of denial of the equal protection of the law. The use of the words "crimes and misdemeanors" constitutes a repetition of "misdemeanors," as that class of public offenses is included in the term "crimes," and places the legislative intent beyond question. The fact that the judgment was not certified to the state board cannot affect the status of the defendant. (*State ex rel. Foot* v. *District Court,* above.)

The court was without jurisdiction to cause the incarceration of the defendant, and, consequently, the defendant is unlawfully restrained of his liberty and is entitled to be discharged.

The judgment of conviction and sentence, with the suspension of its execution carrying with it the probation of the prisoner, "by necessary implication" (*State ex rel. Foot* v. *District Court*), is still in full force and effect, however, and the prisoner is actually serving his sentence while at liberty, under the control and management of the state board of prison commissioners.

While the justice lost jurisdiction over the person of the defendant upon the pronouncement and entry of judgment, he may

still perform the ministerial duty of certifying the record to the board, obtaining the necessary blanks from the clerk of the district court.

The provision of the judgment suspending execution on condition that the defendant "leave and remain out of Deer Lodge county" has no force or effect, other than to suspend the sentence; the prisoner is, by law, subject only to "the rules and regulations" of the state board. (Sec. 12080, above.) The punishment which may be fixed by a magistrate as the penalty for the commission of a given crime is prescribed by statute, and, in the absence of specific statutory authority, the court has power only to pronounce sentence within the limits so prescribed. (See *State* v. *Stone,* 40 Mont. 88, 105 Pac. 89.)

While it has been held that a legislature may provide for banishment or exile of convicted criminals without violating the constitutional prohibition against "cruel and unusual punishment" (*Legarda* v. *Valdez,* 1 Philippine Rep. 146), such remittance of judgment after sentence is in the nature of a pardon on condition rather than punishment. (*People* v. *Potter,* 1 Park. Cr. R. (N. Y.) 47.) Therefore, "a cogent reason" for annulling the order, in so far as it imposes the condition that the prisoner "leave and remain out of" the county, is that thereby the court sought to exercise a power which the Constitution reposes in the Governor and board of pardons (sec. 9, Art. VII), in violation of the constitutional requirement that neither of the governmental departments shall "trench upon the prerogatives of the other." (*State ex rel. Reid* v. *District Court,* above.) This erroneous provision may be eliminated without affecting the validity of the judgment, its suspension, and the probation of the prisoner. (*State* v. *Stone,* above; *State* v. *Reed,* 65 Mont. 51, 210 Pac. 756.)

It is therefore ordered that the petitioner be discharged from custody, and that a copy of this order be transmitted to the sheriff of Deer Lodge county forthwith.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.