STATE OF MONTANA ex rel. ROBERT GENE DAHL, Relator, v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Missoula, and Hon. C. E. Comer, District Judge, Respondents.

No. 9983.

333 Pac. (2d) 495.

Submitted Oct. 10, 1958. Decided Dec. 19, 1958.

Joseph M. Goldman, Missoula, argued orally for relator.

Forrest H. Anderson, Atty. Gen., Robert J. Emmons, Asst. Atty. Gen., Anthony F. Keast, Missoula County Atty., Missoula, Robert J. Emmons, Asst. Atty. Gen., and Anthony F. Keast, Missoula County Atty., argued orally for respondents.

MR. JUSTICE BOTTOMLY:

This is an original proceeding, being a petition of the relator for writ of prohibition.

The controversy presented is as follows:

The county attorney of Missoula County, Montana, on October 3, 1958, filed an application for leave to file information, in the district court of Missoula County, charging one Robert Gene Dahl with the crime of rape, a felony.

The matter came on for hearing before the Honorable C. E. Comer, district judge, and at the same time that the said county attorney moved the court for the permission to file said information, the attorney for the said Robert Gene Dahl appeared in court and objected to the filing of the information and moved the court that the application to file such information be quashed and any proceedings against the said juvenile, Robert Gene Dahl, be had in juvenile court. It appears in the record that the county attorney and the attorney for Robert Gene Dahl, stipulated that the said Robert Gene Dahl, at the time of the alleged offense was of the age of 15 years. After hearing argument the said district judge took the matter under advisement. Thereafter and on October 3, 1958, the district judge ordered the filing of said information over the objections of Dahl's attorney. Thereafter and on October 3, 1958, the defendant Dahl was duly arraigned and his bond fixed at the sum of $8,000, and time set for entering his plea for Thursday, October 16, 1958, at 9:30 A. M.

Defendant was remanded to the custody of the sheriff.

Thereafter relator's counsel and the county attorney ap-

peared in court and relator's counsel by written motion moved the court to quash and set aside the information theretofore filed against Robert Gene Dahl, on the following grounds:

"I. That the criminal court, as distinguished from the juvenile court, does not have jurisdiction over the Defendant for the reason that the Defendant is a child under the age of 18 years, to-wit, of the age of 15 years, having been born on May 18, 1943.

"II. That the criminal court, as distinguished from the juvenile court, does not have jurisdiction of (2) the offense with which he is charged for the reason that the Defendant is a child under the age of 18 years.

"III. That the juvenile court, as distinguished from the criminal court, has exclusive original jurisdiction in proceedings concerning any child under the age of 18 years charged with having violated any law of the state other than those laws relating to the commission of, or attempt to commit the criminal offenses mentioned in subdivision (2) (a) of section 10-602, R.C.M. 1947. That the word 'child' means a person less than 18 years of age as defined in the aforesaid section."

After hearing arguments the district judge denied the motion. Relator then filed his petition in this court.

Upon hearing argument on behalf of relator and reading his verified petition, an order granting alternative writ of prohibition was issued. Said writ directing the Honorable district judge to show cause before this court, on a day certain, why the respondent judge should not be absolutely restrained from any further proceeding in such action or matter.

Thereafter, this court, upon hearing the oral argument and reading the respective briefs of counsel, ordered the alternative writ of prohibition theretofore issued on November 24, 1958, made permanent.

The contention of respondents is that R.C.M. 1947, sections 94-4101 and 94-4102, control in this matter and the district judge had and has jurisdiction to authorize the filing of the information herein and to order the said juvenile, Robert Gene

Dahl, of the age of 15 years, tried in the criminal district court. That the said sections 94-4101 and 94-4102, were never directly amended or repealed by the enactment of Chapter 227, Laws of Montana 1943, and the amendments thereof.

The constitutionality of the act is not challenged, nor raised.

The relator contends that Chapter 227, Laws of Montana 1943 and the amendments thereof have repealed by implication sections 94-4101 and 94-4102, insofar as they conflict with the substance and intent of Chapter 227, Laws of Montana 1943 and the amendments thereof. That the district criminal court has no jurisdiction to authorize or order the filing of a criminal information against a juvenile child of the age of 15 years and less than 16 years of age; nor to try such child in the district court. With this contention we agree. The legislature in section 10-610, R.C.M. 1947, has directed in such cases that "If, during the pendency of a criminal or quasi-criminal charge against any person in any other court, it shall be ascertained that said person was at the time of committing the alleged offense within the definition of 'delinquent child' as set out in subsection (2) (b) of section 10-602, it shall be the *duty of such court to transfer such case immediately,* together with all papers, documents, and testimony connected therewith, *to the juvenile court.* The court making the transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile court or to that court itself, or release such child in the custody of some suitable person, to appear before the juvenile court at a time designated. The juvenile court shall thereupon proceed to hear and dispose of such case in the same manner as if it had been instituted in that court in the first instance." Emphasis supplied.

R.C.M. 1947, section 10-602, subd. (1), provides: "Whenever the words *'the court' are used in this act, they mean the juvenile department of the district court as established by this act.* Whenever the district court is meant, it is referred to as the district court." Emphasis supplied.

R.C.M. 1947, section 10-602, subd. (2), as amended provides: "The words *delinquent child'* include:

\* \* \* \* \* \*

"(b) *A child who has violated any law of the state,* provided, however, a child over the age of sixteen (16) years who commits or attempts to commit murder, manslaughter, assault in the first degree, robbery, first or second degree burglary while having in his possession a deadly weapon, and carrying a deadly weapon or weapons with intent to assault, shall not be proceeded against as a juvenile delinquent but shall be prosecuted in the criminal courts in accordance with the provisions of the criminal laws of this state governing the offenses above listed." Emphasis supplied.

The foregoing proviso of course does not apply in this case, but only to a child between the ages of sixteen and twenty-one years. See State ex rel. Ostoj v. McClernan, 129 Mont. 160, 284 Pac. (2d) 252, and cases cited therein.

R.C.M. 1947, section 10-603, provides: *"Jurisdiction.* The district courts of the several counties of this state shall have jurisdiction in all cases coming within the terms and provisions of this act. It is provided that the *district court shall be called the juvenile court when acting under the juvenile court laws.*

*"The juvenile court shall have exclusive original jurisdiction in proceedings:*

"(a) *concerning any child who is delinquent;*

"(b) concerning any person under twenty-one (21) years of age charged with having violated any law of the state, other than those laws relating to the commission of or attempt to commit the criminal offenses mentioned in subdivision (2) (b) of section 10-602, or any person charged with having violated any ordinance of any city or town, prior to having become eighteen (18) years of age;

"\* \* \* In trials under this act the child or parent or guardian or other person having the care, custody or control of such child complained against, or any person interested in such child, shall have the right to demand a trial by jury, which

shall be granted as in other cases, unless waived, or the judge of his own motion may call a jury to try such case, *except that the jurisdiction of the court shall end if the child is committed to a state institution or agency.* "  Emphasis supplied.

Another indication of the legislature's intention in regard to the jurisdiction of the district court when acting as a district court is the last paragraph of section 10-603, subd. (c), which provides:

"*The district court as distinguished from the juvenile court shall have jurisdiction,* as in all other criminal cases, of those offenses listed in subdivision (2) (b) of section 10-602, *where children over the age of sixteen (16) are accused.*"  Emphasis supplied.

Especially, it is the duty of courts to first determine if they have jurisdiction in a case, and if the statute grants the court jurisdiction to then uphold the intent of the legislature as expressed in the legislative acts where no question is raised of the constitutionality of the acts.

The law governing this case was passed by the legislature as Chapter 227, Laws of Montana 1943, *establishing the juvenile courts, providing for the jurisdiction of such court,* defining the words, "the court", "child", "adult", "delinquent child", and prescribing the procedure in such cases.  Some of the sections of this chapter have been amended as many as five times.

In the original act and in each of the amendatory acts, the legislature has carefully and solemnly declared that "*All acts and parts of acts in conflict herewith are hereby repealed.*"  Emphasis supplied.

It is true, that courts have said that repeals by implication are not favored, but where as here the prior inconsistent statute is replaced by a comprehensive act establishing inclusions and exclusions, and where an act has been repeatedly amended as here with the repeal clause included in each act, it would be a reflection on the intelligence of the legislators to say that the repeated repealer sections in each did not mean that all

acts and parts of acts in conflict therewith are hereby repealed, especially after their judiciary committees have carefully gone over and examined and approved and recommended the passage of the acts and the amendments. See State ex rel. Wynne v. Quinn, 40 Mont. 472, 479, 107 Pac. 506, and cases cited therein; State ex rel. Nagle v. Leader Co., 97 Mont. 586, 593, 37 Pac. (2d) 561; In re Clark's Estate, 105 Mont. 401, 409, 74 Pac. (2d) 401, 114 A.L.R. 496.

The conclusion is inescapable that the legislature intended to repeal all prior laws in conflict with Chapter 227, Laws of 1943 and its amendments. Where as here the conflicting statutes cannot be reconciled, the courts do not hesitate to declare, as we do here; the earlier conflicting statutes repealed as far as they are inconsistent and in conflict with the provisions of Chapter 227, Laws of 1943 and as amended. See State ex rel. Wynne v. Quinn, supra. This interpretation of the legislature's intent in enacting Chapter 227, Laws of Montana 1943, is fortified by the very first section of the act which is as follows:

"10-601. *Construction and purpose of the act.* This act shall be liberally construed, to the end that its purpose may be carried out, to-wit: that the care, custody, education, and discipline of the child shall approximate, as nearly as may be, that which should be given the child by its parents, and that, as far as practicable, any delinquent child shall be treated, not as a criminal, but as misdirected and misguided, and needing aid, encouragement, help and assistance.

"And that, as far as practicable, in proper cases, that the parents or guardians of such child may be compelled to perform their moral and legal duty in the interest of the child.

"The principle is hereby recognized that children under the jurisdiction of the court are wards of the state, subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligation due to them and from them."

Courts may only seek the intention of the legislature in the

402

■ enactment of such a comprehensive act. The court may not indulge in determining whether the act is or is not beneficial nor whether or not the act promotes good public policy, such is the prerogative of the legislature. Any change in this or any other law desired by the people should be presented to the legislature and not to courts.

By the enactment of Chapter 227, Laws of Montana 1943 and ■■ its amendments covering juveniles and creating juvenile courts, the legislature amended the general criminal code insofar as it conflicts with the statutes relating to juveniles. By and under this Act as now written, a child under the age of 16 years may never be tried for a law violation in the district court. He is solely under the *exclusive* jurisdiction of the juvenile court. Accordingly it is ordered that the permanent writ of prohibition heretofore issued be enforced and that the application to file information and the information, and the orders of the district court, authorizing the same against relator, Robert Gene Dahl, charging him with the alleged offense of rape, be annulled and stricken from the records of Missoula County, Montana, and any further proceedings had in the matter be conducted in the juvenile court of Missoula County, Montana, in accordance with the juvenile law and in conformity with this opinion.

MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.

MR. CHIEF JUSTICE HARRISON, did not participate in this opinion.