STATE OF MONTANA ex rel. DENNIS M. WETZEL, RE-
LATOR v. EDWARD C. ELLSWORTH, JR., WARDEN OF THE
MONTANA STATE PRISON, RESPONDENT.

No. 10643.

Submitted September 9, 1963. Decided November 20, 1963.

Amended November 22, 1963.

387 P.2d 442.

Malcolm MacCalman (argued), Deer Lodge, for relator.

Donald J. Beighle, County Atty., Deer Lodge, Forrest H. Anderson, Atty. Gen., and Donald Douglas, Asst. Atty. Gen. (argued), Helena, for respondent.

PER CURIAM.

This court is in receipt of a petition for a writ of habeas corpus filed by Dennis M. Wetzel, an inmate of the Montana State Prison, wherein it is asserted that the petitioner is still confined at the prison under a four-year sentence which began on March 18, 1959. It further appears that when the sentence was imposed by the district court an order of suspension was entered and on or about November 20, 1960, such order of suspension was revoked and petitioner was thereafter confined in the State Prison; that by reason of the failure of the prison authorities to give credit for any portion of the time between the imposition of the suspended sentence and the revocation thereof it is contended by the petitioner that he is being illegally confined.

In view of the fact, that of necessity there are other inmates similarly situated, this court believes this matter of sufficient importance to necessitate oral argument and written briefs of counsel in order that the court may give it consideration and be made aware of all aspects of the situation in general as it applies to petitioner and to all inmates similarly situated; and

The petitioner here having appeared pro se, and he and others similarly situated should be properly represented by counsel, it is ordered that Malcolm MacCalman, Esq., of Deer Lodge, Montana, be, and he is hereby, appointed as such counsel, and he is directed to forthwith investigate the fact situation and brief the law applicable thereto, and for that purpose he will be allowed such time as he may require, not to exceed fifteen (15) days without a further order of this court, and then to file with this court six (6) copies of a statement of facts and brief on the law, in typewritten form, and to serve

copies thereof upon the Warden of the Montana State Prison, the counsel for the State Board of Pardons, and upon the Attorney General of the State of Montana; and the respondent Warden, and the others heretofore named, are hereby granted a period of ten (10) days from the date of such service in which to serve and file answering briefs, typewritten in form, and upon receipt thereof by this court a date will be set for oral argument;

It is further ordered that copies of the original petition shall be forwarded to the appointed counsel, the Warden, counsel for the State Board of Pardons and the Attorney General of the State of Montana, together with a copy of this order.

Until the further order of this court all matters in this cause are held in abeyance.

## On the Merits

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Relator, an inmate of the Montana State Prison, filed a petition for writ of habeas corpus, pro se, alleging that he was sentenced to a term of four years in the state prison on or about March 18, 1959, and that such sentence was suspended, and that on or about November 20, 1960, such suspension order was revoked and relator thereafter confined to the state prison; that his discharge date as computed in the prison is now set at March 13, 1964, whereas the term of four years should have expired on or about March 18, 1963, and he is still being confined.

This court, being of the opinion that there were other inmates similarly situated, believed the matter of sufficient importance to necessitate appointment of counsel to represent relator and others similarly situated, in order to brief the applicable law and present oral argument before this court, so that we might be able to give adequate consideration to the matter, appointed such counsel and directed him to forthwith

investigate the fact situation and brief the law, and further providing that oral argument would be heard when briefs were filed by all concerned, and in the interim this cause was held in abeyance.

Upon receipt of briefs from the relator and respondent Warden the cause was orally argued and submitted for decision.

■ The sole issue raised is this: Does a sentence of confinement for a term of years, the execution of which was duly suspended, commence to run for all purposes on the date the judgment of conviction was entered?

To answer the question a brief history of our suspended sentence and probation laws will be necessary.

Section 94-4717, R.C.M.1947, enacted in 1895, provides:

*"When term of imprisonment commences, etc.* The term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant at the place of imprisonment, and if, thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment, and subsequently returned thereto, the time during which he was at large must not be computed as part of such term."

In 1913, the Legislature adopted "An Act to provide that persons convicted of certain Offenses may be given the Benefits of a Suspended Sentence, and providing for the Supervision and care of such Persons," being Chapter 21 of the Laws of 1913.

Section 7 of Chapter 21, until its repeal in 1955, was section 94-7828, R.C.M.1947, and read:

*"Termination of probation—arrest of prisoner.* Whenever a person placed upon probation, as aforesaid, does not conduct himself in accordance with the rules and regulations, as fixed by the state board of prison commissioners, he shall be subject to arrest without warrant or other process, and shall be conveyed to and confined in the institution to which he would have been committed had he not been placed upon probation.

and the said state board of prison commissioners may forthwith terminate the probation of said person and shall forthwith notify the proper officers of said institution. In all cases of such termination of probation, the original sentence shall be considered as beginning upon the first day of imprisonment in the institution."

In the following discussion we are not in any manner qualifying what was said in State ex rel. Charette v. District Court, 107 Mont. 489, 86 P.2d 750, that: "Courts in general, in speaking of these repealing clauses, have held that they add nothing to the repealing effect of the Act of which they are a part, as without the clause all prior conflicting laws, or parts of laws, would be repealed by implication. Their chief purpose seems to be to limit the extent of the repeal effected by the Act to those laws, or parts of laws, which are actually inconsistent with the Act."

Section 10 of Chapter 21 of the Laws of 1913, provided:

"Section 10. All Acts and parts of Acts in conflict herewith are hereby repealed."

When Chapter 21 was enacted it covered all aspects of suspended sentences. While not exactly on all fours with the situation here, what was said in State ex rel. Dahl v. District Court, 134 Mont. 395, 400, 333 P.2d 495, 498, is indicative of the situation here. The court stated:

"In the original act and in each of the amendatory acts, the legislature has carefully and solemnly declared that *'All acts and parts of acts in conflict herewith are hereby repealed.'* Emphasis supplied.

"It is true, that courts have said that repeals by implication are not favored, but where as here the prior inconsistent statute is replaced by a comprehensive act establishing inclusions and exclusions, and where an act has been repeatedly amended as here with the repeal clause included in each act, it would be a reflection on the intelligence of the legislators to say that the repeated repealer sections in each did not

mean that all acts and parts of acts in conflict therewith are hereby repealed, especially after their judiciary committees have carefully gone over and examined and approved and recommended the passage of the acts and the amendments. See State ex rel. Wynne v. Quinn, 40 Mont. 472, 479, 107 P. 506, and cases cited therein; State ex rel. Nagle v. Leader Co., 97 Mont. 586, 593, 37 P.2d 561; In re Clark's Estate, 105 Mont. 401, 409, 74 P.2d 401, 114 A.L.R. 496."

▆▆ Thus while repeals by implication are not favored, we must hold that the enactment of Chapter 21 repealed section 94-4717 so far as any application to suspended sentences was concerned because the newly enacted law contained full and complete provisions as to when the original sentence should begin.

No changes were made in either statute until 1955 when the Board of Pardons was created and a vast number of changes were made in the procedures governing probation, parole and clemency, and likewise a revision made of the procedures on suspended sentences. Section 94-7828, supra, was repealed by Chapter 194 of the Laws of 1955.

Section 94-7821, R.C.M.1947, which was section 1 of Chapter 21 of the Laws of 1913, has been before this court previously and we expressed ourselves to the effect that "under our suspended sentence statute the defendant is not in any true sense of the term a free man while on probation. He is in effect serving his sentence, though not within the prison walls." State ex rel. Bottomly v. District Court, 73 Mont. 541, 549, 237 P. 525, 528. Again, "The judgment of conviction and sentence, with the suspension of its execution carrying with it the probation of the prisoner * * * the prisoner is actually serving his sentence while at liberty, under the control and management of the state board of prison commissioners." Ex parte Sheehan, 100 Mont. 244, 254, 49 P.2d 438, 442.

While until 1955 the revocation of a suspended sentence brought into play the provision of section 94-7828, as to when

the sentence commenced, upon its repeal such sentence now commences upon the day of its imposition.

The Legislature must be presumed to have been aware of our construction of the effect of a suspended sentence when it repealed section 94-7828, being that its imposition permitted a defendant to commence serving his sentence outside the walls as hereinbefore stated.

Further, in considering the intent of the Legislature in adopting the changes in 1955, we call particular attention to this portion of section 94-9831, R.C.M.1947, enacted in that year, which provides:

"A probationer or defendant under suspension of sentence for whose return a warrant has been issued by the court, shall, after the issuance of the warrant, if it is found that such warrant cannot be served, be deemed a fugitive from, or to have fled from, justice. If it shall appear that he has violated the provisions of his release, *whether the time from the issuing of such warrant to the date of his arrest, or any part of it, shall be counted as time served on probation or suspended sentence, shall be determined by the court.*"

Clearly, here the Legislature only provided discretion in the court to determine whether the time from issuance of the warrant to the date of arrest shall be counted as time served, thus inferring that time served on a suspended sentence or probation up to the time of issuance of the warrant shall be counted.

In view of what we have heretofore said, relator is entitled to his immediate release.

As to all others similarly situated, the respondent is directed to adjust his records as rapidly as his facilities will permit to provide that the release dates shall not be extended beyond the termination date of the sentence as originally imposed, in all cases where the same fact situation exists as here.

Let the writ issue.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE concur.