IN RE PETITION OF ROBERT JOSEPH LEDESMA.

No. 13178.
Decided Oct. 7, 1975.
542 P.2d 1227.

## MEMO OPINION

JAMES T. HARRISON, Chief Justice.

Petitioner, an inmate of the Montana State Prison, appearing pro se, seeks credit for elapsed time from the date he was sentenced to serve five years in the state prison, which sentence was suspended, through the date the suspension was revoked and sentence imposed.

Petitioner pled guilty to the crime of burglary on October 2, 1972. Petitioner received a five year suspended sentence, upon the condition he serve nine months in the Yellowstone County jail. He was credited with the time spent in the county jail from August 24, 1972 to and including October 16, 1972 (the date of sentencing). Petitioner was released from the county jail on June 16, 1973, and was arrested for criminal sale of dangerous drugs on July 21, 1973. Petitioner's suspended sentence was continued in effect upon the condition he serve an additional thirty days in the county jail. Petitioner was released from the county jail on August 19, 1973, and was arrested for criminal possession of dangerous drugs on September 13, 1973. After entering a plea of guilty, he was sentenced to one year in the county jail, serving from October 30, 1973, to October 12, 1974. On March 28, 1975, petitioner was arrested for carrying a concealed weapon. On April 7, 1975, after a hearing on revocation of the suspended sentence, Judge Charles Luedke revoked and set aside the order suspending the sentence due to petitioner's violations of the terms and conditions whereby the sentence was suspended. Petitioner was credited with the time spent in jail from August 24, 1972, to and including October 16, 1972.

Petitioner applied to Judge Luedke for review of the terms of the revocation of the suspended sentence alleging he is entitled to the actual elapsed time of two years, five months and twenty-three days from the date of the original imposition of sentence. Judge Luedke denied petitioner relief.

Petitioner now applies to this Court for relief. He relies on the 1963 decision of *Wetzel vx Ellsworth*, 143 Mont. 54, 387 P.2d 442. This Court held in *Wetzel* that any time elapsed between the imposition of the suspended sentence and its revocation should be credited to the prisoner. *Wetzel* was decided on the specific language of the suspended sentence statute which was repealed even prior to that decision and is clearly distinguishable from this matter.

Section 95-2206, R.C.M.1947, the suspended sentence statute in effect at the time petitioner received his suspended sentence, read:

"*Sentence.* Whenever any person has been found guilty of a crime or offense upon a verdict or plea the court may impose any of the following sentences:

"\* \* \*

"(3) Suspend the execution of the sentence up to the maximum sentence allowed for the particular offense. However, if any restrictions or conditions are violated, any elapsed time shall not be a credit against the sentence, unless the court shall otherwise order."

Ample evidence appears on the record of petitioner's violations of the restrictions and conditions on which the sentence was suspended. The statute provides that due to these violations, petitioner is not entitled to credit against his sentence for any elapsed time, unless the court orders otherwise. In this instance, the court granted 54 days of credit and did not abuse its discretion in denying further credit.

A new section 95-2206, R.C.M.1947, was enacted by Section 31, Chapter 513, Laws of 1973, effective January 1, 1974, as part of the Montana Criminal Code of 1973. The new sentencing statute has no effect on petitioner's application for relief. Section 33, Chapter 513, Laws of 1973, states:

"The Montana Criminal Code and all other provisions of this act * * * do not apply to offenses committed prior to its effective date and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force. * * *"

The petition is therefore denied and the proceeding is dismissed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL concur.